IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

MARISOL MICHEO ACEVEDO,

    **Plaintiff,**

           v.                            CIVIL NO. 19-1652 (JAG)

STERICYCLE OF PUERTO RICO, INC.,

    **Defendant.**

## OPINION AND ORDER

GARCIA GREGORY, D.J.

        Plaintiff Marisol Micheo Acevedo ("Ms. Micheo") brought this diversity suit against Defendant Stericycle of Puerto Rico, Inc. ("Stericycle") alleging retaliation in violation of Puerto Rico Law No. 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, § 194a ("Law No. 115"); and unjust dismissal in violation of the Puerto Rico Law No. 80 of May 30, 1976, P.R. LAWS ANN. tit. 29 §§ 185a-185m, ("Law No. 80"). Docket No. 14. Before the Court are Stericycle's Motion to Dismiss the Amended Complaint and for Sanctions, Docket No. 19; and the Renewed Motion for Sanctions under Rule 11, Docket No. 20. Having considered the Parties' filings and the relevant case law, Stericycle's Motion to Dismiss the Amended Complaint and for Sanctions is hereby **GRANTED IN PART** and **DENIED IN PART**, and the Renewed Motion for Sanctions under Rule 11 is **DENIED** for the reasons set forth below.

BACKGROUND[1]

Ms. Micheo worked for Stericycle from April 2012 until the termination of her employment in January 2014. Docket No. 14 at 4, 14. In February 2015, Ms. Micheo commenced an earlier suit against Stericycle alleging discrimination, retaliation, interference with rights, and wrongful discharge in violation of federal and state laws. *Micheo-Acevedo v. Stericycle of P.R., Inc. et al.*, Civ. No. 15-1097 (JAG), 2017 WL 5152173 (D.P.R. Mar. 31, 2017) ("*Micheo-Acevedo I*").

This Court granted Stericycle's Motion for Summary Judgment in *Micheo-Acevedo I*, dismissing with prejudice Ms. Micheo's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Americans with Disabilities Act, 48 U.S.C. §§ 12101 *et seq.*; the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54; Puerto Rico Law 44 of July 2, 1985, P.R. LAWS ANN. Tit. 1, §§ 501 *et seq.*; and Puerto Rico Law 53 of August 30, 1992, P.R. LAWS ANN. Tit. 1, §§ 511 *et seq. Micheo-Acevedo I*, 2017 WL 5152173. Having dismissed all the federal law claims, the Court declined to exercise supplemental jurisdiction over Ms. Micheo's remaining state law claims and dismissed them without prejudice. *Micheo-Acevedo I*, 2017 WL 5152173, at 14. The state law claims dismissed without prejudice included claims for retaliation and wrongful discharge under Law No. 115 and Law No. 80, respectively.

The First Circuit affirmed this Court's order granting summary judgment in favor of Stericycle. *Micheo-Acevedo v. Stericycle of P.R., Inc.*, 897 F.3d 360 (1st Cir. 2018) ("*Micheo-Acevedo II*"). Ms. Micheo then filed a petition for rehearing *en banc*, which the First Circuit denied. Docket No. 14 at 3. And finally, Ms. Micheo filed a petition for a writ of *certiorari* before the U.S. Supreme

---

[1] For purposes of the motion to dismiss, all facts are taken from Plaintiff's Amended Complaint, Docket No. 14, and are presumed to be true.

Court, which was also denied. *Micheo-Acevedo v. Stericycle of Puerto Rico, Inc.*, 139 S. Ct. 1297 (2019) (Mem.).

## ANALYSIS

### I.   Motion to Dismiss

#### A.   Standard of Review

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepulveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible.") (citation omitted). Even taking

plaintiff's well-pled allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Trust Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id*. at 596.

### B.   Collateral Estoppel

Stericycle argues that Ms. Micheo fails to state a plausible claim for relief because her claims are barred by collateral estoppel. Docket No. 19-1 at 9-13. The Court agrees.

The doctrine of collateral estoppel, or issue preclusion, is a branch of *res judicata*, which is the umbrella term.[2] *Aristud–Gonzalez v. Gov't Dev. Bank*, 501 F.3d 24, 27 (1st Cir. 2007). The doctrines of *res judicata* and collateral estoppel preclude relitigation of claims and/or issues that have been or could have been litigated in a prior judicial action where judgment has been rendered. *Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995). The First Circuit has indicated that

---

[2] This District has explained the difference between *res judicata* and collateral estoppel:

> In general, the doctrines of res judicata and collateral estoppel serve important purposes. They prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications. While the two doctrines have differences, it is important to remember that they are related and many concepts are applicable to both doctrines. There are differences, however. Res judicata refers to claim preclusion, and prevents the same parties from relitigating claims which have been adjudged finally on the merits. Collateral estoppel is related to res judicata, but its focus is narrower and its preclusive effect wider. Referred to as issue preclusion, this doctrine prevents relitigation in a later suit of an issue of fact or law necessary to a final judgment in a prior suit on a different cause of action.

*Esteves v. Ortiz Alvarez*, 678 F. Supp. 963, 965 (D.P.R. 1988).

"res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well." *Westcott Constr. Corp. v. Firemen's Fund*, 996 F.2d 14, 16 (1st Cir. 1993) (citing *Griffin v. Rhode Island*, 760 F.2d 359, 360 (1st Cir. 1991)).

*Res judicata* applies when a final judgment on the merits of the case has been issued, and there is sufficient identity between the parties and the causes of action in both suits. *Ortiz–Cameron v. Drug Enforcement Admin.*, 139 F.3d 4, 5 (1st Cir. 1998) (citation omitted). Accordingly, pursuant to federal *res judicata* principles, the previous judgment has become the law of the case, and the Court is barred from addressing the issue for a second time. *United States v. Mendoza*, 464 U.S. 154, 163 (1984) ("The doctrine of res judicata, of course, prevents [a party] from relitigating the same cause of action against the parties to a prior decision . . . .").

As to collateral estoppel, federal common law governs the preclusive effect of an earlier federal judgment. *Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 7 (1st Cir. 2008); *Hoult v. Hoult*, 157 F.3d 29, 31 (1st Cir. 1998). "The principle of collateral estoppel, or issue preclusion . . . bars relitigation of any factual or legal issue that was *actually* decided in previous litigation between the parties, whether on the same or a different claim." *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir. 1997) (quotation marks and citation omitted); *see Negron-Fuentes*, 532 F.3d at 7. "The purpose of [the doctrine of collateral estoppel] is to prevent a party from relitigating an issue where there has been full and fair litigation, including an opportunity to appeal . . . ." *In re Kane*, 254 F.3d 325, 329 (1st Cir. 2001).

Subject to various exceptions, collateral estoppel "renders conclusive the determinations reached in previous law suits" between the same parties. *Negron-Fuentes*, 532 F.3d at 7 (citation omitted). An earlier federal judgment has preclusive effect if "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 42 (1st Cir. 2013) (quoting *Mercado-Salinas v. Bart Enters. Int'l, Ltd.*, 671 F.3d 12, 21-22 (1st Cir. 2011)). An earlier judgment's preclusive effect, however, may be denied when there are "differences in the burden of proof (for example, where the victor in the first case has a greater burden in the second)." *Bath Iron Works Corp. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 125 F.3d 18, 21 (1st Cir. 1997) (citation omitted); *see* Restatement (Second) of Judgments § 28(4), cmt. f (Am. Law Inst. 1982). But even when some issues in an earlier judgment are not entitled to preclusive effect, the findings that are preclusive may legally doom a future claim. *Negron-Fuentes*, 532 F.3d at 8.

### 1. Retaliation claim under Law No. 115

Stericycle argues that this Court's findings as to Ms. Micheo's Title VII retaliation claim preclude her Law No. 115 claim pursuant to the doctrine of collateral estoppel. Docket No. 19-1 at 9-13. The Court agrees.

The parties do not dispute that this case meets three of the four collateral estoppel requirements articulated by the First Circuit in *Latin Am. Music Co. Inc.* Ms. Micheo's Title VII claim was actually litigated, the issues therein were determined by a valid and binding final judgment, and the determination of those issues was essential to the Court's judgment. The parties disagree

as to whether both cases involve the same issues given the differences in the burden-shifting frameworks under Title VII and Law No. 115. The Court agrees with Stericycle that the issues sought to be precluded here are the same as those involved in *Micheo-Acevedo I* and, as a result, Ms. Micheo's Law No. 115 claim is barred by collateral estoppel.

The First Circuit has stated that Law No. 115 is "largely symmetrical in scope" and has "parallel evidentiary mechanisms" to Title VII's retaliation provisions. *Rivera-Rivera v. Medina & Medina*, 898 F.3d 77, 97 (1st Cir. 2006) (citing *Velez v. Janssen Ortho, LLC*, 467 F.3d 802, 809 (1st Cir. 2006), and *Baerga-Castro v. Wyeth Pharms.*, Civ. No. 08-1014 (GAG), 2009 WL 2871148, at *13 (D.P.R. Sept. 3, 2009)). Courts in this district have consistently treated retaliation claims brought under Title VII and Law No. 115 as the same. *See, e.g., Rios v. Mun. of Guaynabo*, Civ. No. 14-1703, 2017 WL 3412083, at *3 (D.P.R. Aug. 9, 2017); *Wirshing v. Banco Santander de P.R.*, 254 F. Supp. 3d 271, 277 (D.P.R. 2015); *Zayas–Nunez v. Selectos Campo Rico, Inc.*, Civ. No. 14–1464 (GAG), 2014 WL 5817537, at *5 (D.P.R. Nov. 10, 2014); *Godoy v. Maplehurst Bakeries, Inc.*, 747 F. Supp. 2d 298, 318 (D.P.R. 2010); *Rivera Rodriguez v. Sears Roebuck de P.R., Inc.*, 367 F. Supp. 2d 216, 230 (D.P.R. 2005).

When a case relies only on circumstantial evidence of discriminatory retaliation, this Court has applied the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (2013), for retaliation claims under both federal law and Law No. 115. *See Velez*, 467 F. 3d at 809; *Rivera Rodriguez*, 367 F. Supp. 2d at 230; *Godoy*, 747 F. Supp. 2d at 318; *Feliciano-Monroig v. AT&T Mobility Puerto Rico, Inc.*, Civ. No. 16-2810 (JAG), 2019 WL 1486868, at *9 (D.P.R. Mar. 31, 2019). Under the *McDonnell Douglas* framework, the plaintiff must first make a *prima facie* case of retaliation. *Godoy*, 747 F. Supp. 2d at 313. Once the plaintiff has established its *prima facie* case, "the burden [] shifts to the defendant to articulate a legitimate, non-retaliatory reason for its

employment decision." *Id.* at 316 (citing *Roman v. Potter*, 604 F.3d 34, 39 (1st Cir. 2010)). Finally, however, "the ultimate burden falls on the plaintiff to show that the employer's proffered reason is a pretext masking retaliation." *Feliciano-Monroig,* 2019 WL 1486868, at *7 (quoting *Ramirez Rodriguez v. Boehringer Ingelheim Pharms., Inc.*, 425 F.3d 67, 84 (1st Cir. 2005)).

Here, the Court holds that our finding in *Micheo-Acevedo I*—that Ms. Micheo was unable to show that Stericycle's proffered legitimate, non-discriminatory reasons for its actions were pretextual—precludes Ms. Micheo from relitigating the issue here. *See* 2017 WL 5152173, at *13. And, as the First Circuit found in *Negron-Fuentes*, this finding "legally doom[s]" Ms. Micheo's claim under Law No. 115. 532 F.3d at 7.

The Court is not persuaded by Ms. Micheo's argument that collateral estoppel is inapplicable here because Law No. 115 places a higher burden on employers than Title VII. Docket No. 22 at 3-12; 41 at 2-3. Ms. Micheo cites *Feliciano Martes v. Sheraton*, 182 D.P.R. 368, 394 (2011), *certified translation* in Docket No. 37-1, to argue that Law No. 115 creates a rebuttable presumption in favor of Ms. Micheo, and as such, creates a higher burden on the employer than the burden of production in Title VII's *McDonnell Douglas* framework.[3] Docket No. 41 at 2-3. However, in *Feliciano Martes* itself, the Puerto Rico Supreme Court stated that Law No. 115 is consistent with Title VII, and goes on to describe and apply the *McDonnell Douglas* framework to a Law No. 115 claim. 182

---

[3] As Ms. Micheo recognizes, Docket No. 41 at 2-3, the official translation of Law No. 115 provides that, once the *prima facie* case is established, "the employer shall *claim and provide* a non-discriminatory legitimate reason for the discharge." Law No. 115, § 194a(c) (emphasis added). The plain reading of the statute suggests that, under Law No. 115, employers are subject to the same burden of production as required by the *McDonnell Douglas* framework. However, the Court notes that the certified translation of *Feliciano Martes* provided by Stericycle translates the relevant section of Law No. 115 as "the employer must *allege and prove* a legitimate and nondiscriminatory reason for the termination." Docket 37-1 at 2 (emphasis added).

D.P.R. at 395-96, *certified translation* in Docket 37-1 at 3. More importantly, as previously stated, this Court and the First Circuit have treated retaliation claims brought under Title VII and Law No. 115 as the same. *See Rivera Rodriguez*, 367 F. Supp. 2d at 230; *Wirshing*, 254 F. Supp. at 277; *Zayas–Nunez*, 2014 WL 5817537, at *5; *Godoy*, 747 F. Supp. 2d at 318; *Rios*, 2017 WL 3412083, at *3.

Moreover, the First Circuit cases cited by Ms. Micheo in support of the lack of parallelism between the evidentiary mechanisms of the federal and state law discrimination claims present different issues from those presented here.[4] And while "[i]t is quite true that collateral estoppel effect may be denied because of differences in burden of proof (for example, where the victor in the first case has a greater burden in the second)," *Bath Iron Works Corp.*, 125 F.3d at 21 (citation omitted), we need not address that issue here because Ms. Micheo was unable to carry her ultimate burden of showing that Stericycle's non-discriminatory explanations were pretextual.

For the reasons stated herein, Ms. Micheo's Law No. 115 claim is hereby **DISMISSED WITH PREJUDICE**.

---

[4] Ms. Micheo cites two First Circuit cases in support of her argument regarding the lack of parallelism between Title VII and Law No. 115. *Alegre v. Schering Plough Del Caribe, Inc.*, 201 F.3d 426 (1st Cir. 1998); *Ramos v. Davis & Geck, Inc.*, 167 F.3d 727, 734 (1st Cir. 1999). These are distinguishable in that they decide issues related to a different state law, Puerto Rico Law 100 of June 30, 1959, P.R. LAWS ANN., tit. 29, § 146 ("Law No. 100"), and present questions different to those presented here. Law No. 100 is described by Ms. Micheo as "Puerto Rico's general antidiscrimination statute," Docket No. 22 at 3, which serves a different purpose than Law No. 115, an anti-retaliation statute, and Law No. 80, which prohibits wrongful terminations. In *Alegre*, the First Circuit stated that the Age Discrimination in Employment Act ("ADEA") and Law No. 100 claims were not legally parallel in the context of deciding whether the district court erred in dismissing with prejudice the supplemental state law claims when the defendant's summary judgment motion did not request such dismissal and the district court did not address those claims in its opinion. In *Ramos*, the First Circuit's statement regarding the different burdens of proof under federal and state law was to explain why a jury found in favor of a Law No. 100 claim but not the ADEA claim. 167 F.3d at 733-34. Ms. Micheo also cited *Rivera-Rivera*, which provides a basis for arguing that ADEA cases may be useful for understanding Title VII. However, *Rivera-Rivera* also finds that Law No. 115 is "symmetrical in scope . . . and has parallel evidentiary mechanisms" to both ADEA and Title VII, 898 F.3d at 97 (quotation marks and citations omitted), which cuts against Ms. Micheo's argument that Title VII and Law No. 115 have different burdens of proof, thus making collateral estoppel inapplicable.

### 2.   Claim under Law No. 80

Finally, Stericycle argues that Ms. Micheo's Law No. 80 claim is barred by this Court's findings as to Ms. Micheo's Title VII retaliation claim. Docket No. 19-1 at 9-13. The Court agrees.

Law No. 80 prohibits employers from dismissing employees without just cause. *Hoyos v. Telecorp Commc'ns, Inc.*, 488 F.3d 1, 6 (1st Cir. 2007) (citing *Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co.*, 152 F.3d 17, 28 (1st Cir. 1998)). Once an employee shows they have been dismissed and "alleges that his dismissal was unjustified, his employer must establish by a preponderance of the evidence that the discharge was for good cause." *Id.* Law No. 80 requires that employers show that a dismissal was "related to the proper and normal operation of the establishment." *Id.* (quoting P.R. Laws Ann. tit. 29, § 185b). Violations of an employer's instructions or an employee's improper conduct may constitute good cause for dismissal. *Id.* (citing *Menzel v. W. Auto Supply Co.*, 662 F. Supp. 731, 745 (D.P.R. 1987), and *Alvarez-Fonseca*, 152 F.3d at 28). Moreover, this Court has previously held that an employer's legitimate, nondiscriminatory reason proffered to sustain its burden under the *McDonnell Douglas* framework constituted good cause under Law No. 80. *Sanchez Borgos v. Venegas Const. Corp.*, Civ. No. 07-1592 (SEC), 2009 WL 928717, at *7 (D.P.R. Mar. 31, 2009).

Here, the Court holds that *Micheo-Acevedo I* precludes Ms. Micheo's Law No. 80 claim. There, this Court found that Ms. Micheo was terminated "because of her disciplinary problems—namely because she was insubordinate; did not follow management directives; and was not complying with her job duties when supervising hospitals." *Micheo-Acevedo I*, 2017 WL 5152173, at *13 (citations omitted). The Court also found that Stericycle "overwhelmingly satisfied" the burden of showing that "it had a non-retaliatory reason for" terminating Ms. Micheo. *Id.* Thus, the issue sought to be precluded here—whether good cause existed for Ms. Micheo's termination

pursuant to Law No. 80—is the same as that involved in the Court's analysis of Ms. Micheo's Title VII claim. As a result, collateral estoppel bars her claim under Law No. 80.

For the reasons stated herein, Ms. Micheo's Law No. 80 claim is hereby **DISMISSED WITH PREJUDICE**.

## II.    Motions for Sanctions

Stericycle also seeks the imposition of sanctions and awarding of attorney's fees pursuant to Fed. R. Civ. P. 11 ("Rule 11") and 28 U.S.C. § 1927 ("Section 1927"). Docket Nos. 19-1 at 13-15; 20. The Court finds sanctions are not warranted here.

### A.   Federal Rule of Civil Procedure 11

Pursuant to Rule 11(b)(2), an attorney certifies that the claims presented to the court "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." If a court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).[5] Courts employ an objective standard to determine whether a party's filing of a claim violates Rule 11. *J. Walter Thompson P.R., Inc. v. Latin Am. Music Co. Inc.*, 355 F. Supp. 3d 110, 115 (D.P.R. 2019) (citing *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990), and *Nyer v. Winterthur Int'l*, 290 F.3d 456, 462 (1st Cir. 2002)).

---

[5] The Court may not impose sanctions against Ms. Micheo for a Rule 11(b) violation as she is represented by counsel. Fed. R. Civ. P. 11(c)(5)(A) ("The court must not impose a monetary sanction: against a represented party for violating Rule 11(b)(2) . . . .")

## B.  28 U.S.C. § 1927

Pursuant to Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A "vexatious" multiplication of proceedings requires that "the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." *Cruz*, 896 F.2d at 632. While "a finding of subjective bad faith" is not required before imposing sanctions, *id.* at 631-32, the Court must find that the "attorney's actions . . . evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court," *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008) (citations omitted).

## C.  Imposition of sanctions and awarding of attorney's fees are not warranted here.

Stericycle argues that Ms. Micheo and her counsel should be sanctioned for filing a frivolous case and vexatiously prolonging this litigation by pursuing claims they knew were legally untenable. Docket Nos. 19 at 13-15; 20. The Court disagrees.

In support of their argument, Stericycle posits that the First Circuit's decision in *Negron-Fuentes* is controlling authority that bars Ms. Micheo's suit. Docket Nos. 19-1 at 11-12; 20. In *Negron-Fuentes*, the First Circuit rejected the argument that collateral estoppel did not apply when the earlier dismissal of a claim is without prejudice. 532 F.3d at 8. Specifically, it found that a dismissal without prejudice "implies nothing about whether any defenses—including issue preclusion based on what was adjudicated on other claims—might bar them if pursued in further litigation." *Id.*

The Court agrees that *Negron-Fuentes* is controlling authority but finds that Ms. Micheo's arguments for distinguishing *Negron-Fuentes* are not frivolous. In *Negron-Fuentes*, the prior judgment that was given preclusive effect involved findings that the plaintiff did not carry their burden to show a *prima facie* case. In *Micheo-Acevedo I*, on the other hand, this Court held that Ms. Micheo did, in fact, make a *prima facie* case and successfully shifted the burden to Stericycle. Had the Court been persuaded by Ms. Micheo's argument regarding the differences between the federal and state law claims at this second step of the burden-shifting framework, the Court may have agreed with Ms. Micheo that *Negron-Fuentes* was distinguishable. While this argument did not carry the day, the Court does not find it to be meritless for purposes of imposing sanctions.

Ms. Micheo's pursuit of the Law No. 115 and Law No. 80 claims was not frivolous and did not vexatiously prolong the litigation. As such, the Court finds Ms. Micheo's actions in pursuit of those claims do not merit the imposition of sanctions. For this reason, Stericycle's motions for sanctions under Section 1927 and Rule 11 are hereby **DENIED**.

## CONCLUSION

For the aforementioned reasons, Stericycle's Motion to Dismiss the Amended Complaint and for Sanctions is hereby **GRANTED IN PART** and **DENIED IN PART**, and Stericycle's Renewed Motion for Sanctions under Rule 11 is **DENIED**. This case is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of March, 2020.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge